**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernard Thomas Henry, Jr., | No. CV-24-00122-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Ronald Newman, et al., | |
| Defendants. | |

On February 29, 2024, Plaintiff Bernard Thomas Henry Sr. filed a pro se Complaint (Doc. 1) against Gia Bartlett-Tucker, Cynthia Daly, Judge Ronald Newman, Judge Gary Cohen, Judge Victoria Steele, Christopher Jeffrey, and Russell Daly asserting that the Defendants violated his constitutional rights under 42 U.S.C. § 1983.[1] Along with his Complaint, Plaintiff submitted an Application to Proceed in Forma Pauperis (Doc. 2) and a Request for Electronic Noticing (Doc. 3). On April 4, 2024, Plaintiff filed a Motion Requesting Order. (Doc. 4.) For the following reasons, the Court will: (1) grant Plaintiff's Application to Proceed in Forma Pauperis, (2) grant Plaintiff's Request for Electronic Noticing, (3) dismiss Plaintiff's Complaint with leave to amend, and (4) deny Plaintiff's Motion Requesting Order as moot.

---

[1] In the heading of his complaint, Plaintiff lists statutes 42 U.S.C § 1985, 42 U.S.C. § 1986, and 42 U.S.C. § 1983. Plaintiff's Complaint only elaborates on his claims brought pursuant to 42 U.S.C. § 1983. Therefore, the Court will only analyze whether Plaintiff states a claim upon which relief can be granted under 42 U.S.C. § 1983.

## I. In Forma Pauperis

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Review of Plaintiff's Application demonstrates that his modest living expenses exceed his limited income from public-assistance payments. Therefore, the Court will grant Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

## II. Permission to e-file documents

Plaintiff has also requested permission to e-file documents in this matter. The applicable procedural rule requires that a "pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual." ECF Administrative Policies and Procedures Manual, Section II.B.3. Plaintiff asserts that he possesses the technical requirements for e-filing and lists the equipment and software available to him. He has also stated that he agrees to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual. Therefore, the Court will grant Plaintiff's request.

## III. Statutory Screening of IFP Complaint

In reviewing an in forma pauperis complaint, the court must dismiss the case if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). District Court screening orders apply the same standard as applied to a Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.*, 550 U.S. at 555. Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

## IV. Complaint

Plaintiff asserts that his constitutional rights have been violated by state and local officials under 42 U.S.C. § 1983. (Doc. 1 at 3-4.) Plaintiff asserts that Gia Bartlett-Tucker, Cynthia Daly, Christopher Jeffrey, and Russell Daly conspired to evict him from his property, after he had paid rent and utilities, by filing a fraudulent breach of lease agreement in Pima County Superior Court.[2] (*Id.* at 5.) Plaintiff states, "Cynthia Daly and Gia Bartlett-Tucker convinced their lawyer [Christopher Jeffrey] to file false statements and claims to the court by fraud to steal prepaid rent and take the paid property back." (*Id.*) Plaintiff asserts that Gia Bartlett-Tucker and Cynthia Daly stole his pandemic unemployment money by having him prepay rent and utilities and subsequently evicting him from the property. (*Id.*)

Plaintiff asserts that both Judge Gary Cohen and Judge Ronald Newman were complicit in this scheme and committed "judicial malfeasance" and "judicial overreach." (*Id.*) Plaintiff asserts that Judge Cohen acted unlawfully when he ruled in favor of Ms. Daly

---

[2] Cynthia Daly, represented by Christopher Jeffrey, filed an eviction suit against Bernard Henry in Pima County Superior Court before Judge Gary Cohen in September 2022. *Bernard Thomas Henry Jr. vs. Cynthia Daly*, Case No. C20223658 (Sup. Ct. Pima Cnty. 2022). Finding in favor of Ms. Daly, the Court stated:
> Based on the testimony of Russell Daly and defendant Bernard Henry, as well as the documents admitted into evidence, the court finds by a preponderance of the evidence, that defendant, after notice to do so, failed to cure a material breach of the lease agreement. The court finds that defendants have failed to take steps to remove vehicles, scrap iron, old tires as well as other items which have caused Pima County to file a civil action in the Pima County Superior Court for zoning violations and has resulted in a judgment against plaintiffs.

and Ms. Bartlett-Tucker finding that Plaintiff breached his lease agreement. (*Id.*) Further, Plaintiff asserts that Judge Ronald Newman "made false statements to the appellate court to manipulate the appellate ruling" and that "clearly judge Gary Cohen participated in the deprivation under the court of law."[3] (*Id.*)

Plaintiff states that the alleged judicial misconduct "caus[ed] serious bodily injury and intentionally depriv[ed] [Plaintiff of] utilities causing a serious health crisis." (*Id.*) Plaintiff asserts that he was "humiliated" and "forced to live on the property without water and power" despite paying for utilities. (*Id.*) Plaintiff asserts that the court was fully aware of this yet did not care. (*Id.*) Plaintiff asserts that he suffered first, second, and third-degree burns when his trailer on the property caught on fire while he was sleeping and he was unable to find water to put it out. (*Id.* at 6.) Plaintiff states this his injuries include first, second, and third-degree burns causing deformity, as well as mental stress and abuse. (*Id.*)

With respect to relief sought, plaintiff seeks payment for loss of property; repayment for lease; payment for deprivation of water and power; payment of bills paid in good faith; judicial sanctions; and attorney sanctions. (*Id.*)

## V. Failure to State a Claim

Plaintiff fails to state a claim upon which relief can be granted. Plaintiff asserts that defendants violated his constitutional rights under 42 U.S.C. § 1983. First, Plaintiff cannot assert claims under § 1983 against private citizens.

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50

---

[3] After the eviction order, Bernard Henry filed two lawsuits in Pima County Superior Court against Cynthia Daly, Gia Bartlett-Tucker, Russell Daly and Christopher Jeffrey. *See Bernard Henry vs. Cynthia Daly And Christopher Jeffery*, Case No. C20235640 (Pima Cnty. Sup. Ct. 2023) and *Bernard Thomas Henry Jr vs. Gia Bartlett-Tucker et al.,* Case No. C20233945 (Pima Cnty. Sup. Ct. 2023). The Superior Court dismissed both cases. In *Bernard Henry vs. Cynthia Daly And Christopher Jeffery,* the court stated:
> This Complaint is an end-run around the Eviction Order. The plaintiff fails to state a claim upon which relief could be granted. The issues raised by the plaintiff are better addressed in the eviction case and the special action which the plaintiff references in their pleadings. This complaint is dismissed without prejudice.

(1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).  "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Defendants Gia Bartlett-Tucker, Cynthia Daly, Christopher Jeffrey, and Russell Daly are private parties, not state actors. Although private parties who jointly engage with state officials in a challenged action may be acting under color of law, *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989), here, Plaintiff has stated nothing in his Complaint to suggest that these Defendants were jointly engaged with state officials. Therefore, the Court will dismiss Plaintiff's claims against Defendants Gia Bartlett-Tucker, Cynthia Daly, Christopher Jeffrey, and Russell Daly.

Second, Plaintiff cannot assert claims under § 1983 against judges who are acting in their official capacity. Judges are absolutely immune from suits for damages under 42 U.S.C. § 1983 for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Because Plaintiff's claims against Judges Ronald Newman, Gary Cohen, and Victoria Steele relate to actions each took in the course of legal proceedings, Plaintiff's claim is barred by judicial immunity.  Thus, the Court will dismiss Plaintiff's claims against Defendant Judges Ronald Newman, Gary Cohen, and Victoria Steele.

Finally, to the extent Plaintiff is requesting this Court review and reverse the state

court judge's decision, this Court lacks jurisdiction to do so. Under the *Rooker-Feldman* doctrine, "lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005); *see also Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "[T]he *Rooker–Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding 'in which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Moreover, to the extent Plaintiff is seeking an order from this Court compelling a state court judge to appoint counsel, recuse himself, appoint a new judge to preside over Plaintiff's state court case, or strike documents from the record in Plaintiff's state court case, this Court lacks jurisdiction to issue such an order. *See Demos v. United States Dist. Ct. for E. Dist. of Was.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (district court "lacks jurisdiction to issue a writ of mandamus to a state court").

## VI. Amended Complaint

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. The Court has provided the reasons for the dismissal to permit Plaintiff to make an intelligent decision whether to file an Amended Complaint. *See Bonanno v. Thomas,* 309 F.2d 320, 322 (9th Cir. 1962).

Within 30 days, Plaintiff may submit an Amended Complaint to cure the deficiencies outlined above. Plaintiff is advised that all causes of action alleged in the original complaint which are not alleged in any Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"). Any Amended Complaint filed by Plaintiff must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Any Amended Complaint submitted by Plaintiff shall be clearly

designated as an Amended Complaint on the face of the document.

Plaintiff is advised that failure of an Amended Complaint to state a claim upon which relief can be granted, including naming a proper defendant, will result in dismissal of this action. Additionally, Plaintiff should take notice that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed. R. Civ. P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

## VII. Conclusion

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2) is **granted**;
2. Plaintiff's Request for Electronic Noticing (Doc. 3) is **granted**;
3. Plaintiff's Motion Requesting Order (Doc. 4) is **denied as moot**;
4. Plaintiff's Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.
5. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

Dated this 17th day of April, 2024.

Jennifer G. Zipps
United States District Judge